UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ROSS ,
    Plaintiff,
-vs.-　　　　　　　　　　　　　　　　**DEMAND FOR JURY TRIAL**

INTEGRITY FINANCIAL PARTNERS, INC.
a Kansas corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Integrity Financial Partners which is a Kansas company that maintains registered offices in Ingham County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Sallie Mae in regards to a student loan.

7. Sometime at the end of July 2012, Plaintiff called Sallie Mae because she was trying to set up a payment plan with them. Sallie Mae transferred Plaintiff to Defendant.

8. During this conversation, Plaintiff spoke with a representative named Ken Hart. Mr. Hart convinced Plaintiff to take out a loan from her credit union to pay this alleged debt. Plaintiff agreed to pay Defendant $300, however, she did not agree to allow Defendant to withdraw any funds from her bank account.

9. On or about August 10, 2012, Defendant called Plaintiff and told her that he called her work to verify that she worked there. Defendant asked Plaintiff if she applied for a loan at the credit union. Plaintiff told Defendant that she did not have enough time and that she only worked a ½ that day. Defendant told Plaintiff that he just called her work and said "I was told you had a full day off of work." Defendant went on to state that this debt was not important to her and that it was not a priority of hers. He then hung up on her.

10. On or about August 20, 2012, Defendant withdrew $305.00 from Plaintiff's bank account without Plaintiff's permission.

11. This same day, on or about August 20, 2012, Plaintiff contacted her credit union regarding the unauthorized withdrawal of $305.00. Plaintiff told a representative at her credit union that she disputed this and asked them not to release the funds.

12. On or about August 21, 2012, Plaintiff sent Defendant a cease and desist letter via certified mail, return receipt requested.

13. On or about August 27, 2012, Plaintiff received a call from Defendant. She did not answer her phone. Defendant left her a voicemail asking her to call him back. In this voicemail, Defendant stated that he was a debt collector attempting to collect a debt.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

19. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

    Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

    Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a. Actual damages.

    b. Statutory damages.

    c. Treble damages.

    d. Statutory costs and attorney fees.

Respectfully submitted,

November 2, 2012

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com